# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

TOMMY RADFORD                                                                                           PLAINTIFF
ADC #089900

v.                                         2:23-cv-00005-DPM-JJV

MOSES JACKSON, Warden
East Arkansas Regional Unit; *et al.*                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.      **INTRODUCTION**

Tommy Radford ("Plaintiff") is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that on November 21, 2022: (1) Sergeant Barbara Williams-Johnson failed to protect him from being attacked by another prisoner; and (2) Sergeant Williams-Johnson and Lieutenant Morieon Kelly denied him medical care for his injuries. (Docs. 6, 37.) All other claims and Defendants have been previously dismissed without prejudice. (Docs. 14, 22.)

1

Defendants originally filed a Motion for Partial Summary Judgment arguing some of Plaintiff's claims should be dismissed because he failed to properly exhaust his available administrative remedies. (Docs. 33-35.) Thereafter, I entered an Order inviting the parties to address several issues. (Doc. 36.) Defendants then filed a Supplemental Motion for Summary Judgment seeking dismissal of all claims due to a lack of exhaustion. (Docs. 37-39.) Plaintiff has not filed a Response, and the time to do so has expired. (Doc. 36.) After careful review and consideration, I recommend Defendants' Motion for Partial Summary Judgment be DENIED as moot, Defendants' Supplemental Motion for Summary Judgment be GRANTED, Plaintiff's remaining claims against Defendants Williams-Johnson and Kelly be DISMISSED without prejudice, and this case be CLOSED.

## II.   SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if

its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   DISCUSSION

#### A.   The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

#### B.   ADC's Grievance Policy

The ADC policy in effect at the time of the alleged constitutional violation was

3

Administrative Directive 19-34, which establishes a three-step procedure. (Docs. 33-1, 33-2.) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Doc. 33-1 at § IV(E)(2).) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (*Id*. § IV(C)(4).) And the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(E)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance within three working days by completing a section on the informal resolution form. (*Id.* § IV(E)(11) and (F)(1).) At this point, the form receives a grievance tracking number. (*Id*. at § IV(F)(3).) Grievances about medical matters are sent to the Health Services Administrator ("HSA"), while grievances about all other matters are sent to the Warden. (*Id*. at § IV(F)(5).) The HSA or Warden must provide a written response within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the grievance response, or who does not timely receive a response, must appeal within five working days to the ADC Assistant Director. (*Id*. § IV(F)(9) and (G).) The ADC Assistant Director must provide a written response within thirty working days unless there is an extension. (*Id.* at § IV(G)(6).) A decision or rejection of an

appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directive includes the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

In her sworn Declaration, the Grievance Supervisor says Plaintiff filed ten grievances in November and December 2022. (Doc. 33-2.) After careful review, I find only three grievances - EAM-22-2368, EAM-22-2478, EAM 22-2411 - are arguably relevant.[1]

In EAM-22-2368, Plaintiff alleged, as he does in this lawsuit, that Defendant Kelly failed to provide him with adequate medical care for his November 21, 2022 injuries. (Doc. 37-1.) However, he did not receive a final ruling from the ADC Assistant Director at step three until February 1, 2023, which was after he commenced this lawsuit on January 10, 2023. (*Id*.; Doc. 2). Plaintiff later filed an Amended Complaint on February 22, 2023. (Doc. 6.) However, "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in the original). Dismissal is mandatory if "exhaustion was not completed at the time of filing." *Id*.; *see also Booth v. Churner,* 532 U.S. 731, 734 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Harris v. Kemna*, No. 05-2746, 2005 WL

---

[1] In contrast, the following seven grievances are irrelevant: EAM-22-2477 (commissary purchases), EAM-22-2448 (behavior control status), EAM-22-2479 (access to legal documents, personal property, retaliation), EAM-22-2488 (inadequate clothing and supplies), EAM-22-2519 (inadequate medical care for a rash, improper bedding and clothing, behavior control status, legal documents, denied recreation), EAM-22-2550 (access to legal documents), EAM-22-2551 (access to legal documents). (Doc. 33-4.)

3159569 (8th Cir. Nov. 29. 2005) (unpublished opinion) (affirming dismissal when exhaustion was not completed at the time of filing). And, as previously mentioned, the ADC's grievance policy reminds prisoners they "must fully exhaust the grievance prior to filing a lawsuit." (Doc. 33-1 at § IV(N).) Because Plaintiff completed the final step of EAM-22-2368 <u>after</u> he commenced this lawsuit, it cannot be considered. *See, e.g., Poindexter v. Brown*, No. 4:22-cv-00676-JM-JJV, 2023 WL 3879445, at *3 (E.D. Ark. May 18, 2023), *rec. adopted*, 2023 WL 3867882 (E.D. Ark. June 7, 2023); *Kirby v. Page*, No. 4:22-cv-01263-JJV, 2023 WL 4208338 (E.D. Ark. June 27, 2023); *Kelley v. Davis*, No. 2:22-cv-0034-DPM-ERE, 2022 WL 18359331 (E.D. Ark. Aug. 18, 2022), *rec. adopted*, 2023 WL 258863 (E.D. Ark. Jan. 18, 2023); *Abdulaziz/Askew v. Maples*, No. 1:12-cv-102-DPM-JTK, 2013 WL 6579151, at *5 (E.D. Ark. Dec. 13, 2013).

In grievance EAM-22-2478, Plaintiff said an inmate threatened to kill him on December 7, 2022. (Doc. 37-3.) Plaintiff also made a confusing reference to the November 21, 2022 attack, which is of questionable relevance. But he did not name Defendant Kelly or Williams-Johnson, as he was clearly required to do by the ADC's exhaustion policy. And, importantly, ADC officials did not reach the merits of any claims against them. *See Townsend v. Murphy,* 898 F.3d 780, 784 (8th Cir. 2018) (holding an ADC prisoner did not properly exhaust his claim against two of the three officers omitted from a grievance); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit). Further, Plaintiff did not obtain a final ruling on EAM-22-2478 until February 8, 2023, which was <u>after</u> he commenced this lawsuit on January 10, 2023. *See Booth*, 532 U.S. at 734; *Johnson*, 340 F.3d at 627. Thus, this grievance is not proper exhaustion because it failed to name Defendants and the exhaustion process

6

was completed too late.

On November 21, 2022, Plaintiff filed an informal resolution (which later became EAM-22-2411) alleging he had been attacked by a prisoner and that a non-party officer threatened to retaliate against him. (Doc. 37-2 at 1, 5-6.) The date the problem solver responded is illegible. (*Id.*) However, Administrative Directive 19-34 says a prisoner must file a grievance within three working days of receiving the problem solver's response, or within six working days of filing the informal resolution if the problem solver does not timely respond. (Doc. 33-1 at § (IV)(E)(4) and (11).) In other words, the longest time period a prisoner has to file a grievance is six working days from the date of the informal resolution. (*Id.*) This means that, excluding weekends, Plaintiff should have filed grievance EAM-22-2411 no later than November 30, 2022. But he did not do so until December 7, 2022. (Doc. 37-2 at 1.) Thus, the Warden properly rejected EAM-22-2411 as being untimely filed. (*Id*. at 2.) On appeal, Plaintiff attempted to raise for the first time, which is prohibited by the ADC's grievance policy, that Defendant Johnson failed to protect him from the November 21, 2022 attack. (*Id*.) But the ADC Assistant Director agreed the grievance was untimely filed without reaching the merits of Plaintiff's claims against any prison officials. (*Id*. at 4.) Thus, grievance EAM-22-2411 is not proper exhaustion because it was untimely filed and it did not properly name either Defendant. *See Jones*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion"); *Woodford*, 548 U.S. at 90 (exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits").

For these reasons, I conclude Plaintiff did not properly exhaust his administrative remedies

regarding the failure to protect and inadequate medical care claims he is attempting to raise against Defendants Williams-Johnson and Kelly in this federal lawsuit. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (under the PLRA, § 1983 actions concerning prison conditions "shall not be brought" by an inmate "until such administrative remedies are available are exhausted").

### D. Unavailability

This is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). Administrative remedies are unavailable if, for instance: (1) the grievance procedure "operates as a dead end;" (2) the procedure is "so opaque that it becomes . . . incapable of use;" or (2) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend*, 898 F.3d at 783. Plaintiff has not offered any evidence or explanation as to why administrative remedies were unavailable to properly exhaust his claims against Defendants Williams-Johnson and Kelly. Therefore, I conclude they are entitled to summary judgment.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Partial Summary Judgment (Doc. 33) be DENIED as moot.

2. Defendants' Supplemental Motion for Summary Judgment (Doc. 37) be GRANTED, Plaintiff's failure to protect and inadequate medical care claims against Defendants Williams-Johnson and Kelly be DISMISSED without prejudice, and this case be CLOSED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of September 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE